NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARYL ROBERTS, INDIVIDUALLY AND AS ADMINSTRATOR AD PROSEQUENDUM FOR THE ESTATE OF CHERYL ROBERTS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ALARIS HEALTH, LLC, ALARIS HEALTH at HAMILTON PARK, AND JOHN DOES 1-10,<br>　　　　　　　　　　　Defendants. | **Civil Action No. 22-2298-JXN-AME**<br><br>**REPORT and RECOMMENDATION** |

**ESPINOSA**, Magistrate Judge

　　　This matter comes before the Court upon the motion to remand [D.E. 8] filed by Plaintiff Daryl Roberts, as Administrator Ad Prosequendum of the Estate of Cheryl Roberts ("Roberts" or "Plaintiff"), pursuant to 28 U.S.C. § 1447(c). Plaintiff filed the motion after Defendants Alaris Health, LLC and Alaris Heath at Hamilton Park ("AHP") (together, "Alaris" or "Defendants") removed this case to federal court by pursuant to U.S.C. §§ 1441 and 1446. The Honorable Julien X. Neals, U.S.D.J., referred the motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Court has reviewed Plaintiff's moving [D.E. 8] and reply papers [D.E. 16], and Defendants' opposition [D.E. 14] and sur-reply [D.E. 19] papers, and considers the motion based on those submissions. *See* Fed. R. Civ. P. 78(b).

　　　For the following reasons, this Court respectfully recommends that Plaintiff's motion to remand be granted.

I.  **BACKGROUND**

Plaintiff initially brought suit on or about April 20, 2022, in the Superior Court of New Jersey, Law Division, Hudson County, Docket No. HUD-L-00930-22. [D.E. 1-1]. Roberts allegedly worked as a certified nursing assistant at AHP, a nursing home and long-term care facility, and died from COVID-19 on April 5, 2020.  Compl. [D.E. 1-1] ¶¶ 8-9, 23. Plaintiff alleges that in or about March 2020, Defendants ignored safety concerns raised by staff regarding COVID-19, did not provide personal protective equipment ("PPE") to staff, discouraged the use of PPE by staff, and hid that staff and patients had tested positive for and/or displayed symptoms of COVID-19. Plaintiff's one-count complaint asserted a claim against Defendants for an "Intentional Tort," alleging that they "breached [their] common law duty not to intentionally subject employees to substantially certain harm," and that "the risk presented by" this breach "manifested by causing [Roberts's] death." *Id.* ¶¶ 25-27.

On April 20, 2022, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. In their notice of removal, Defendants asserted that this "case is removable under 28 U.S.C. § 1441(a) on the basis of 'original jurisdiction because Plaintiff's Complaint asserts a claim 'arising under' federal law within the meaning of 28 U.S.C. § 1331 by virtue of preemption under the Public Readiness and Emergency Preparedness ("PREP") Act." [D.E. 1, ¶ 2]. On May 22, 2022, Plaintiff filed this motion to remand the case to state court. [D.E. 8-1].

II.  **DISCUSSION**

   A.  **Removal Standard**

District courts have original jurisdiction based on a federal question where a case is founded on a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a district court has original jurisdiction over the action, a defendant may remove a civil action from state court to federal court under 28 U.S.C. § 1441.

Once a case has been removed, a court may remand it to state court under 28 U.S.C. § 1447(c) if removal was either procedurally defective or if there is a lack of subject matter jurisdiction. *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013). The district courts' limited jurisdiction requires that the removal statutes "be strictly construed against removal and all doubts . . . be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Defendants, who removed this case to federal court, "bear[] the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

In determining whether a case arises under federal law pursuant to 28 U.S.C. § 1331, and thus whether a federal court may properly assert jurisdiction over the action, courts are ordinarily guided by the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 524 U.S. 200, 207 (2004). The well-pleaded complaint rule "requires federal question jurisdiction be established squarely within the four corners of the plaintiff's complaint for removal purposes." *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009). It is well settled that "the party who brings a suit is master to decide what law he will rely upon." *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Thus, a finding of federal jurisdiction is proper where a federal question is presented on the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Even if the facts in a plaintiff's complaint could establish a federal cause of action, the plaintiff's choice to proceed on purely state-law grounds in state court must be respected. *State of N.J. v. City of Wildwood*, 22 F. Supp. 2d 395, 401 (D.N.J. 1998) (citing *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 990 (D.N.J. 1996)); *see also Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989); *United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir.1986). The existence of a federal defense to a plaintiff's claims is insufficient to confer federal question

jurisdiction and defeat a motion to remand. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 14 (1983); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, (1908); *Gateway 2000*, 942 F. Supp. at 990. Additionally, a defendant may not remove an action to federal court, under 28 U.S.C. § 1441, on the grounds that a federal question is raised in a crossclaim, counterclaim, or third-party claim. *AHS Hospital Corp. v. Ippolito*, No. CV 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019); *Palmer*, 605 F. Supp. 2d at 628-29.

An exception to the well-pleaded complaint rule is the doctrine of complete preemption, which applies when "Congress has so completely preempted a particular area" that any complaint raising a claim in that area is "necessarily federal in character" and may be removed to federal court. *Same Day Procedures, LLC v. UnitedHealthcare Ins. Co.*, No. 21-00956, 2022 U.S. Dist. LEXIS 47475, at *6-7 (D.N.J. Mar. 17, 2022). Removal based on complete preemption is proper only if the federal statute "wholly displaces the state-law cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). A statute is completely preemptive if it "provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Id.* at 9. "Complete preemption is rare." *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 408 (3d Cir. 2021).

### B. PREP Act

Congress passed the PREP Act, 42 U.S.C. §247d-6(d), to protect certain "covered persons," such as pharmacies and drug manufacturers, during public health emergencies. *Maglioli*, 16 F.4th at 407. If the Secretary of the Department of Health and Human Services ("HSS") deems a health threat a public-health emergency, he or she may publish a declaration in the Federal Register recommending certain "covered countermeasures." *Id.* § 247d-6d(b)(1). When the Secretary makes such a declaration, the covered individuals become immune from suit and liability from claims related to the administration of a covered countermeasure. *Maglioli*, 16

4

F.4th at 400-01 (citing 42 U.S.C. § 247d-6d(a)(1)). The only exception to this immunity is a claim "against a covered person for death or serious physical injury proximately caused by willful misconduct." *Id.* at 409 (quoting 42 U.S.C. § 247d-6d(d)(1)).

In March 2020, the Secretary issued a declaration under the PREP Act, designating COVID-19 as a public-health emergency. *Maglioli*, 16 F.4th at 401 (citing 85 Fed. Reg. 15, 198, 15, 201 (Mar. 17, 2020)). The Secretary recommended certain covered countermeasures that include drugs, devices, and products "used to treat, diagnose, cure, prevent or mitigate COVID-19," subject to the PREP Act's definitions. *Id.* Since then, the Secretary has amended the declaration, including the addition of respiratory protective devices to the list of covered countermeasures. *Id.*; *see also* 85 Fed. Reg. 21012-02 (Apr. 15, 2020); 87 Fed. Reg. 982-01 (Jan 7, 2022). For example, a court held that claims against a nurse who administered a vaccination against COVID-19, which caused the decedent to pass out, fall into a coma, and die, fell within the scope of the PREP Act. *See, e.g.*, *Roeder v. Polovitch*, No. 22-01796, 2022 U.S. Dist. LEXIS 127474, at *3 (E.D. Pa. July 19, 2022). By contrast, claims arising out of the alleged shortcomings in the care a nursing home provided its residents and the facility's failure to take measures to prevent the spread COVID-19 were outside the scope of the PREP Act. *See, e.g.*, *Testa v. Broomall Operating Co., L.P.*, No. 21-5148, 2022 U.S. Dist. LEXIS 147856, at *14 (E.D. Pa. Aug. 18, 2022).

Here, Defendants contend in their notice of removal that the "PREP Act is a complete preemption statute," such that Plaintiff's state law claim is preempted by federal law and this Court may exercise subject matter jurisdiction over this case. [D.E. 1 at 5]. The Court disagrees and finds that Plaintiff's claim is not completely preempted by the PREP Act. The crux of Plaintiff's claim is that Roberts died because Defendants *failed* to protect her and other employees by ignoring concerns about COVID-19, failing to provide PPE to staff and

discouraging its usage, and hiding the presence of COVID-19 within the facility. Courts in this Circuit "have resoundingly found that the PREP Act does not shield a covered individual from claims arising out of its *failure* to administer or use a covered countermeasure." *Testa*, 2022 U.S. Dist. LEXIS 147856, at *11 (emphasis in original) (citing cases). This Court finds that the PREP Act does not apply to Defendants' alleged failures to act and their alleged hiding of COVID-19 symptoms and infections. *See Testa*, 2022 U.S. Dist. LEXIS 147856, at *13 ("PREP Act provides immunity only for the *use* of covered countermeasures, not the *non-use*") (emphasis in original); *Beaty v. Del. County*, Civ. No. 21-1617, 2021 U.S. Dist. LEXIS 169553, at *5 (E.D. Pa. Aug. 5, 2021) ("Nor does a defendant's *failure* to take countermeasures fall within the scope of the Act's protection, even if such action was federally mandated.") (emphasis in original); *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 531 (D.N.J. 2020), *aff'd sub nom. Maglioli*, 16 F.4th 393 (PREP Act "is designed to protect those who employ countermeasures, not those who decline to employ them").

Defendants have not cited a single case in which a court interpreted the PREP Act as broadly as they ask this Court to do. Although Defendants cited numerous Advisory Opinions issued by the HHS's Office of General Counsel [D.E. 14 at 6, 11-16, 18-19], the Court declines to rely upon them to determine the scope of its jurisdiction. *See Maglioli*, 16 F.4th at 403-04 ("HHS is not delegated authority under the PREP Act to interpret the scope of federal courts' jurisdiction. … Federal courts routinely conclude that no deference is owed [agency] interpretations."); *Testa*, 2022 U.S. Dist. LEXIS 147856, at *13 (E.D. Pa. Aug. 18, 2022) (declining to adopt "the Advisory Opinion's expansive interpretation of PREP Act immunity," which "is inconsistent with the plain language of the PREP Act; agency advisory opinions are not binding on this Court; and a plethora of other courts have likewise rejected its expansive

6

interpretation."). Therefore, the Court finds that the doctrine of complete preemption does not apply to Plaintiff's claim.

In light of the Court's determination above, the Court need not decide whether an intentional tort claim that involved the administration of covered countermeasures would be completely preempted. But the Court notes that one federal court recently held that the PREP Act does not completely preempt state-law intentional tort claims. *See Ravain v. Ochsner Med. Ctr. Kenner, LLC*, No. 21-2365, 2022 U.S. Dist. LEXIS 144185, at *12 (E.D. La. Aug. 11, 2022) ("Considering the narrow application of complete preemption, we are not convinced that the PREP Act is one of those rare statutes where a federal statutory scheme is so comprehensive that it entirely supplants state-law intentional tort claims.").[1]

## C. *Grable* Doctrine

To the extent Defendants argue [D.E. 14 at 5] that Plaintiff's complaint raises substantial questions of federal law that should be adjudicated by a federal court pursuant to *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), the Court disagrees. Under *Grable*, a small number of state claims may arise under federal law if they raise "significant federal issues." *Grable*, 545 U.S. at 312. The *Grable* test has four parts. The federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Here, because Plaintiff's claim did not necessarily raise the PREP Act, and

---

[1] The parties also disagree as to whether Defendants are "covered persons" under the PREP Act. [D.E. 8 at 9-10; D.E. 14 at 12-17]. The Court does not reach this issue because it would reach the same result regardless of this determination.

the PREP Act is not an essential element of the claim, the Court finds that the *Grable* doctrine does not give rise to federal-question jurisdiction in this case. *See Maglioli*, 16 F.4th at 413.[2]

### D. Roberts's Request that Defendants Pay Plaintiff's Fees and Costs

Plaintiff requests that the Court "order Defendant and/or its counsel to pay for Plaintiff's fees and costs in opposing removal." [D.E. 8-1 at 35]. In support of that request, Plaintiff contends that "Defendant[s'] counsel has raised some form of the argument Defendant[s] assert[] here more than 50 times in courts around the country," and "[e]ach and every time, the federal court has rejected [those] argument(s) and remanded the relevant matter to state court." *Id.*

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the case law, which is recent and emerging, appears to overwhelmingly support Plaintiff's arguments regarding jurisdiction, the Court does not find that Defendants' and/or their counsel's arguments lacked an objectively reasonable basis under *Maglioli* or any other binding precedent.

---

[2] This Court did not rely on any matters outside of the pleadings and recommends that Defendant's request for limited discovery [D.E. 17-1 at 4] be denied as moot.

### III.  CONCLUSION

For the foregoing reasons, this Court finds that federal subject matter jurisdiction is lacking in this case and respectfully recommends that Plaintiff's motion to remand the case to the Superior Court of New Jersey, Law Division, Hudson County [D.E. 8] be granted.

                                               /s/ *André M. Espinosa*
                                               ANDRÉ M. ESPINOSA
                                               United States Magistrate Judge

Dated:  August 31, 2022