**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARYL ROBERTS, | : | |
| Plaintiff, | : | |
| | : | **Civil Action No. 22-2298 (JXN) (AME)** |
| v. | : | |
| | : | |
| ALARIS HEALTH AT HAMILTON PARK, ALARIS HEALTH, LLC, and JOHN DOES 1-10, | : | **OPINION** |
| | : | |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on Plaintiff's motion for sanctions [ECF No. 23] and Plaintiff's and Defendants' objections to Magistrate Judge Andre M. Espinosa's Report and Recommendation regarding Plaintiff's motion to remand [ECF Nos. 21, 22]. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court adopts Judge Espinosa's August 31, 2022 Report and Recommendation [ECF No. 20], and thus grants Plaintiff's motion to remand [ECF No. 8] and denies Plaintiff's motion for sanctions [ECF No. 23].

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A detailed factual background of this case is set forth in Magistrate Judge Espinosa's August 31, 2022 Report and Recommendation, and will not be repeated here, except where necessary to provide context for this Court's review of same.

Plaintiff Daryl Roberts ("Plaintiff"), as Administrator *Ad Prosequendum* of the Estate of Cheryl Roberts ("Roberts"), commenced the instant action in the Superior Court of New Jersey,

Hudson County, against Defendants Alaris Health, LLC ("Alaris"), Alaris Health at Hamilton Park ("AHP"), and unnamed John Does 1-10 (collectively, "Defendants").  Compl., ECF No. 1-1.  In the Complaint, Plaintiff alleges that Roberts worked as a certified nursing assistant at AHP.  Compl. ¶¶ 8-9.  Plaintiff further alleges that in or about March 2020, Defendants ignored safety concerns raised by staff regarding COVID-19, did not provide personal protective equipment ("PPE") to staff, discouraged the use of PPE by staff, and concealed the fact that staff and patients had tested positive for and/or displayed symptoms of COVID-19.  *Id.* ¶¶ 12, 14, 16.  On April 5, 2020, Roberts died due to COVID-19 at the age of 53.  *Id.* ¶ 23.  As a result, Plaintiff filed the instant action asserting one cause of action against Defendants for an "Intentional Tort."  *Id.* ¶¶ 25-27.

On April 20, 2022, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.  In their notice of removal, Defendants assert that this "case is removable under 28 U.S.C. § 1441(a) on the basis of 'original jurisdiction' because Plaintiff's Complaint asserts a claim 'arising under' federal law within the meaning of 28 U.S.C. § 1331 by virtue of preemption under the Public Readiness and Emergency Preparedness ("PREP") Act."  ECF No. 1 ¶ 2.

On May 22, 2022, Plaintiff filed a motion to remand the case to the Superior Court of New Jersey.  ECF No. 8.  In support of his motion, Plaintiff contends that the Defendants cannot involve the PREP Act and use it as a basis for removing this case, the PREP Act does not preempt Plaintiff's state court claim, and Defendants' Notice of Removal is so egregiously deceptive that it is sanctionable, among other contentions.  ECF No. 8-1.  Defendants opposed Plaintiff's motion, arguing that Defendants appropriately removed this matter because Plaintiff's one count cause of action for intentional misconduct is completely preempted by the PREP Act, among other contentions.  ECF No. 14.

On August 31, 2022, Judge Espinosa filed a detailed Report and Recommendation in which he found that federal subject matter jurisdiction was lacking in this case and recommended that this

Court grant Plaintiff's motion to remand and deny his request for fees and costs. ECF No. 20 at 8-9. The parties were notified that they had fourteen (14) days to submit objections to the Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2). *See* Docket Text, ECF No. 20. Defendants timely filed an objection to the Report and Recommendation, making substantially the same arguments that Judge Espinosa rejected when evaluating the motion to remand. ECF No. 21. Plaintiff timely filed an objection to the Report and Recommendation, arguing that he supports Judge Espinosa's recommendation to remand this matter but objects to Judge Espinosa's recommendation denying Plaintiff's attorney's fees and costs. ECF No. 22.

## II.     LEGAL DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *See, e.g., United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F.Supp.2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report

to which the parties object). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").

As an initial matter, this Court has reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Espinosa's reasoning. For sake of a full review, the Court will briefly address the parties' specific objections. Defendants object to Judge Espinosa's recommendation to remand, contending that Judge Espinosa did not consider whether Plaintiff's could have brought his claims under the PREP Act's cause of action for willful misconduct. ECF No. 21 at 2. For support, Defendants primarily rely on the Third Circuit's decision in *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 409 (3d Cir. 2021).

In *Maglioli*, the Third Circuit held that the PREP Act "unambiguously creates an exclusive federal cause of action . . . 'against a covered person for death or serious physical injury proximately caused by willful misconduct.'" *Id.* at 409 (quoting 42 U.S.C. § 247d-6d(d)(1)). However, "[j]ust because the PREP Act creates an exclusive federal cause of action does not mean it completely preempts the estates' state law claims." *Id.* at 410. A claim for willful misconduct under the PREP Act has several elements. *Id.* The plaintiff must show (1) "an act or omission," that is taken (2) "intentionally to achieve a wrongful purpose," (3) "knowingly without legal or factual justification," and (4) "in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." *Id.* (citing 42 U.S.C. § 247d-6d(c)(1)(A)). Moreover, the action must be (5) "against a covered person," (6) "for death or serious physical injury" that is (7) "proximately caused by [the covered person's] willful misconduct." *Id.* § 247d-6d(d)(1).

4

Here, Defendants contend that "plaintiff drafted the complaint to allege intentional conduct" to support their argument that the allegations in the Complaint rise to a willful misconduct claim within the definition of the PREP Act. The Court disagrees. None of the allegations in the Complaint support the inference that Defendants "acted with intent 'to achieve a wrongful purpose,' or with knowledge that their actions lacked 'legal or factual justification[,]'" sufficient to justify the conclusion that Plaintiff was able to assert his claim under the PREP Act. As noted above, the Third Circuit articulated the elements for a claim for willful misconduct under the PREP Act. *Maglioli*, 16 F.4th at 410. In their objections, Defendants neither attempt to layout the elements articulated by the Third Circuit, nor do they explain how Plaintiff's Complaint satisfies those elements. Accordingly, Defendants' objections are overruled.

Plaintiff agrees with Judge Epinosa's recommendation to remand, but objects to his recommendation to deny Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). ECF No. 22. Section 1447(c), in relevant part, provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As noted in the Report and Recommendation, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." ECF No. 20 at 8 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Having reviewed the case law submitted by the parties, the Court agrees with Judge Espinosa that Defendants had an objectively reasonable basis for seeking removal. Accordingly, Plaintiff's objections are overruled and Plaintiff's motion for sanctions is denied.

### III.   CONCLUSION

Having thoroughly reviewed Magistrate Judge Espinosa's August 31, 2022 Report and Recommendation, including Plaintiff's and Defendants' objection thereto, this Court hereby adopts

Magistrate Judge Espinosa's Report and Recommendation [ECF No. 20] including the findings of fact and conclusions of law of this Court, and thus grants Plaintiff's motion to remand [ECF No. 8] and denies Plaintiff's motion for sanctions [ECF No. 23]. An appropriate Order accompanies this Opinion.

DATED: June 20, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

Orig:  Clerk
cc:    Parties
       Andre M. Espinosa, U.S.M.J.